# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRANDICE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 C 5774 |
| | ) | |
| TRANS UNION LLC, | ) | Judge John W. Darrah |
| CAPITAL ONE BANK, | ) | |
| ALLIED COLLECTIONS, | ) | |
| WFNB/VICTORIA'S SECRET, and | ) | |
| GATEWAY COMPUTERS/HSB, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Brandice Brown, filed suit against multiple parties, including Defendant Allied

Collections. Plaintiff's claim alleges that Defendant violated the Fair Credit Reporting Act,

15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation of Plaintiff's consumer

dispute. Presently before the Court is Defendant's Motion for Summary Judgment. For the

following reasons, that motion is denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c);

*Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One

of the principal purposes of the summary judgment rule is to isolate and dispose of factually

unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus,

although the moving party on a motion for summary judgment is responsible for demonstrating

to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

Defendant is a collection agency that was assigned to collect a purported debt Plaintiff allegedly incurred from Thrifty Car Rental. Pl.'s 56.1 ¶ 1. Plaintiff believed that she was the

victim of identity theft and contacted Trans Union to dispute this debt. Pl.'s 56.1 ¶¶ 2-3. Typically, Trans Union would then send out a consumer debt verification form to Defendant to launch an investigation of the dispute. Pl.'s 56.1 ¶ 3.

Defendant's policy regarding investigations of consumer debt verification form is as follows. First, an employee would contact the original creditor to verify the account information. Def.'s Ex. A, Keeney Aff. ¶ 7. A manager would then review the information. Def.'s Ex. A, Keeney Aff. ¶ 8. The manager would then pass the form to the originating department, and the form was then reviewed by an employee in that department responsible for credit reporting on Defendant's accounts. Def.'s Ex. A, Keeney Aff. ¶ 9. The form was then signed by Defendant's president or another authorized signatory and sent back to the credit bureau. Def.'s Ex. A, Keeney Aff. ¶ 10. Finally, a copy of the form was scanned into Defendant's computer system. Def.'s Ex. A, Keeney Aff. ¶ 11. This procedure was completed in resolving another debt in favor of Plaintiff. Def.'s 56.1 ¶¶ 6-15.

On October 18, 2001, Trans Union purportedly issued the cosnumer debt verification form to Defendant regarding Plaintiff's debt. Pl.'s 56.1 ¶ 6. This form incorrectly listed Las Vegas, Nevada as Plaintiff's residence. Def.'s 56.1 ¶ 9; Def.'s Ex. A, Feeney Aff. Ex. 1. When the form was returned to Trans Union, a signature from some person other than Defendant's president was on the form. Def.'s 56.1 ¶ 18; Def.'s Ex. A, Feeney Aff. ¶ 2. After Trans Union received the consumer debt verification form from Defendant, Trans Union updated its records to show that Defendant validated this debt; however, this change was not reflected on a consumer credit report dated November 15, 2001. Def.'s 56.1 ¶¶ 20, 22.

3

In January 2003 and several times thereafter, Defendant requested that Trans Union purge all of Defendant's accounts because of data problems. Def.'s 56.1 ¶ 23. However, in February 2003, Plaintiff's mortgage application was rejected, in part, because the debt Plaintiff purportedly owed to Defendant was still on her credit report. Pl.'s 56.1 ¶ 17; Pl.'s Ex. D at 3.

## ANALYSIS

Defendant argues that summary judgment should be granted because: (1) it never furnished information to Trans Union nor received the consumer debt verification form from Trans Union regarding Plaintiff's purported debt and (2) its policy and procedures comply with the Fair Credit Reporting Act.

Under 15 U.S.C. § 1681i(a)(2)(A), credit reporting agencies such as Trans Union have the duty to "provide notification of the [consumer] dispute to any [collection agency] who provided any item of information in the dispute." Defendant thus argues that because it did not provide any information to Trans Union nor received a notification from Trans Union regarding Plaintiff's dispute, it cannot be held liable.

According to Defendant, it did not: (1) acquire an interest in the Thrifty Car Rental debt in 2001, (2) have an account number for this purported debt, and (3) receive a consumer debt verification form concerning the purported debt. Def.'s 56.1 ¶¶ 6, 16, 17. Plaintiff argues that Trans Union did send a consumer debt verification form to Defendant, and Trans Union concurs. Pl.'s 56.1 ¶ 6. Defendant recognizes that this creates a genuine issue of material fact but argues that this "credibility dispute" should be decided in favor of Defendant because of the undisputed irregularities: (1) concerning the signature on the consumer debt verification form;

4

(2) Trans Union's failure to update its records on the November 15, 2001 credit report; and (3) the address used by Plaintiff on the consumer debt verification form. However, it is not proper to resolve credibility disputes on summary judgment.

Under 15 U.S.C. § 1681s-2(b), a collection agency such as Defendant must, after receiving notice of a debt dispute, "conduct an investigation with respect to the disputed information. The investigation only needs to be reasonable, but generally the determination of reasonableness is a factual question that "cannot be resolved on summary judgment unless the reasonableness or unreasonableness of the procedures is beyond question." *See Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001). However, a collection agency is not automatically liable, even if it reported an inaccuracy, so long as its investigatory procedures are reasonable. *See Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (*Sarver*).

Defendant contends its investigation was reasonable because practices and procedures were in place to ensure a disputed debt was properly handled and; as evidence of these procedures, Defendant cites a prior investigation initiated by Plaintiff that was resolved in her favor. It is also undisputed that Trans Union received the returned consumer debt verification form validating the debt from Defendant; this action is evidence that Defendant completed an investigation, following its procedures, in returning the form to Trans Union.

Further, unlike *Sarver*, where the investigating entity processed a large volume of information, Defendant here claims to review each debt in a more focused manner by actually contacting the creditor. Defendant also scans a copy of the completed consumer debt verification form into its computer upon completion of its investigation. Defendant, though, has failed to produce a scanned copy of the completed form or any other affidavits, depositions, answers to

5

interrogatories, admissions, or other specific evidence to demonstrate that it completed an investigation regarding the consumer debt verification form at issue. The negative inference resulting from this lack of evidence must be drawn in favor of Plaintiff when ruling on a motion for summary judgment. Accordingly, genuine issues of material fact exist as to whether Defendant, if it received the consumer debt verification form, actually completed a reasonable investigation.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied.

Dated: February 23, 2005

JOHN W. DARRAH
United States District Judge